UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               -v.-<br><br>RASHEEN AMARO,<br><br>                      Defendant. | 16 Cr. 848 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

      The Court is in receipt of Defendant Rasheen Amaro's request that the Court recommend to the Bureau of Prisons (the "BOP") that he "be released to home confinement to complete the last seven months of his 40-month sentence, pursuant to 18 U.S.C. § 3624(c), as amended by Section 12003(b)(2) of the Coronavirus Aid Relief and Economic Security (CARES) Act." (Dkt. #38). The Government has indicated that it takes no position with respect to the request. (Dkt. #39). The Court has reviewed the request and the remainder of Mr. Amaro's docket. It is concerned that certain of Mr. Amaro's medical conditions may place him at a higher risk of contracting COVID-19, or of experiencing more severe medical consequences if he were to contract the virus. By the same token, the Court recalls the egregiousness of Mr. Amaro's criminal conduct, and worries about the possibility that he may revert to this behavior were he to be released early to home confinement.

      The Court resolves these competing concerns in the following manner: It will make the requested recommendation to BOP, but it does so on one condition. That condition is that, if the BOP determines to release Mr. Amaro, *prior to his actual release,* defense counsel arranges a telephonic conference or

conferences between the family members with whom Mr. Amaro would be residing during his period of home confinement and the Probation Office. This conference or conferences would either supplement or take the place of the home inspection that is customarily undertaken preliminary to placement of a defendant in home confinement, and would address issues that include, but are not limited to, the conditions of supervised release; the means by which Mr. Amaro will receive medical and or mental health services while on home confinement; the contemplated living arrangements; and Mr. Amaro's ability to access technology. The Court understands from the Probation Office that such a conference can be conducted telephonically, and, further, that it can be conducted while Mr. Amaro awaits resolution of his request to the BOP.

The Court will issue its recommendation under separate cover. The unredacted version of Mr. Amaro's application will be filed under seal.

SO ORDERED.

Dated:   May 7, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge